**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **ALBERT L. REMBERT,** | ) | **CASE NO. 3:16 CV 2124** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **JASON BUNTING,** | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Albert L. Rembert has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. He is incarcerated in the Marion Correctional Institution, having been sentenced to life in prison on convictions of possessing criminal tools and aggravated murder in the Cuyahoga County Court of Common Pleas. He alleges his parole was revoked in 2011 by the Ohio Parole Authority on the basis of offenses to which he pled guilty in Franklin County. After he served 48 months as a sanction for violating his parole, the Ohio Adult Parole Authority (OAPA) denied him parole in 2015.

Petitioner contends he is unlawfully in custody and seeks unconditional release from prison because the OAPA relied on erroneous information about his Franklin County convictions in revoking his parole.

A court must dismiss a habeas petition if "it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to §2241 petitions pursuant to Rule 1(b)). A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. §§ 2254(a) and 2241(c)(3).

The petition must be dismissed pursuant to Rule 4 because petitioner has no constitutional right to or liberty interest in release upon parole at any time prior to the expiration of his maximum sentence. *Jago v. Van Curen*, 454 U.S. 14, 21 (1981); *Greenholtz v. Inmates of Neb. Penal an Corr. Complex*, 442 U.S. 1, 7 (1979). The decision to grant or deny parole to Ohio prisoners "lies wholly within the discretion of the OAPA." *Jago*, 454 U.S. at 20.

Accordingly, petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is granted and his petition is dismissed pursuant to Rule 4. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

    *s/Dan Aaron Polster*    9/8/2016
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE